

ncf1

Fisher And Fisher
File # 42930

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE GOTTSCHALL

Chase Mortgage Company West f/k/a Mellon Mortgage Company
Plaintiff
VS.
Ronald Anderson, Gwendolyn Anderson
Defendant

NO. 00C 3634

MAGISTRATE JUDGE BOBRICK

This is an attempt to collect a debt and any information obtained will be used for that purpose.

COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, by its attorneys, FISHER AND FISHER, ATTORNEYS AT LAW, P.C., and, pursuant to Illinois Compiled Statutes, Chapter 735, Section 15, 15-1101 et seq., alleges the following:

1. Jurisdiction of this court is based upon diversity of citizenship. Plaintiff is a corporation incorporated under the laws of the STATE OF NEW JERSEY, having its principal place of business in the STATE OF OHIO. Defendant mortgagors are citizens of the STATE OF ILLINOIS. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Plaintiff files this complaint to foreclose the mortgage hereinafter described, and joins the following persons as defendants:

Ronald Anderson an Illinois citizen, Gwendolyn Anderson an Illinois Citizen

3. Attached as Exhibit "A" is a copy of the note, as Exhibit "B" is a copy of the mortgage and as Exhibit "C" is a copy of the assignment(s) secured thereby.

1-1

4. Information concerning mortgage:

(A) Nature of instrument: Mortgage

(B) Date of Mortgage: May 19,1999

(C) Name of Mortgagor: Ronald Anderson

(D) Name of Mortgagee: Carlton Mortgage Services, Inc

(E) Date and place of recording: May 21,1999, Cook County Recorder of Deeds Office

(F) Identification of recording: 99493525

(G) Interest subject to the mortgage: Fee Simple

(H) Amount of original indebtedness including subsequent advances made under the mortgage: $128,043.00

(I) Legal description and the common address:
That part of Lot 396 in Elmore's Pottawatomie Hills, A Subdivision of the South 60 acres of the West ½ of the Southwest ¼ and also the East ½ of the Southwest ¼ of Section 25, Township 36 North, Range 13, East of the Third Principle Meridian, described as follows: commencing at the Westerly corner of said Lot 396; Thence Southeasterly along the Southwesterly line of said Lot, 90 Feet; Thence Northeasterly 170.67 Feet to a point in the South line of 173rd Street, 6.99 Feet East of point of compound curve; Thence in a Westerly directionalong curve: having radius of 25 Feet, 6.99 Feet to point of compound curve thence along curve having a radius of 104.31 Feet and convexed to the Northwest and having chord dimension of 73.03 Feet, to the point of tangency; thence Southwesterly 86 feet to the point of beginning, in Cook County, Illinois. c/k/a 17300 Longfellow, Hazelcrest, IL 60429Tax ID :28-25-321-031

(J) Statement as to default now due:

1. Date of default: 11/99.
2. Unpaid principal balance: $127,659.05.
3. Per diem interest accruing: $26.23.

(K) Name of present owners of the real estate:
Ronald Anderson

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Gwendolyn Anderson as reputed spouse

(M) The following defendants, except those who have received a discharge of this debt in any chapter under the United States Bankruptcy Code, may be held personally liable for the deficiency, if any:
Ronald Anderson

(N) Capacity in which plaintiff brings this foreclosure: Plaintiff is the owner and legal holder of said note, mortgage and indebtedness.

(O) Facts in support of request for attorneys' fees and of costs and expenses.

Plaintiff has been required to retain counsel for litigation of this foreclosure and to incur substantial attorney fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage, and which are a lien upon said real estate being foreclosed, as provided in said mortgage.

5. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if requested within thirty days (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) the name and address of the original creditor if different from above.

REQUEST FOR RELIEF

Plaintiff requests:

(i) A judgment to foreclose such mortgage providing for a sale by public auction

(ii) An order granting a shortened redemption period, if authorized by law.

(iii) A personal judgment for a deficiency, if authorized by law.

(iv) An order granting possession.

(v) An order placing the mortgagee in possession or appointing a receiver if and when sought.

(vi) A judgment for attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

(vii) Enforcement of its assignment of rents derived from said real estate.

(viii) Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

Plaintiff

Chase Mortgage Company West f/k/a Mellon Mortgage Company

By: ______________________
One of Plaintiff's Attorneys

Attorneys for Plaintiff
FISHER AND FISHER
ATTORNEYS AT LAW, P.C. #3309
120 North LaSalle Street, Suite 2520
Chicago, IL 60602
(773) 854-8055
ARDC#816108

# NOTE

FHA CASE NO.
131-9800643

May 19, 1999

17300 LONGFELLOW
HAZEL CREST, IL 60429
[Property Address]

1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **CARLTON MORTGAGE SERVICES, INC.** and its successors and assigns.

2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **One Hundred Twenty Eight Thousand Forty Three and no/100** Dollars (U.S. **$128,043.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Seven and One Half** percent (**7.500%**) per year until the full amount of principal has been paid.

3. PROMISE TO PAY SECURED

EXHIBIT A

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **July 1, 1999**. Any principal and interest remaining on the first day of **June, 2029**, will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at **CARLTON MORTGAGE SERVICES, INC., 600 NORTH COURT STE 110, PALATINE, IL 60067** or at such other place as Lender may designate in writing by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $895.30. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for Payment Adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

[ ] Growing Equity Allonge [ ] Graduated Payment Allonge

[ ] Other [specify]

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on thefirst day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. BORROWER'S FAILURE TO PAY**

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent **(4.000%)** of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Note.

| | |
|---|---|
| RONALD ANDERSON (Seal) -Borrower | (Seal) -Borrower |
| (Seal) -Borrower | (Seal) -Borrower |
| (Seal) -Borrower | (Seal) -Borrower |

[Sign Original Only]

GREATLAND To Order Call: 1-800-530-9393 Fax 616-791-1131

99493525

1999-05-21 10:41:57

Cook County Recorder 33.50

99493525

PREPARED BY:
FTG, INC.
600 NORTH COURT, STE 110
PALATINE, IL 60067

RECORD AND RETURN TO:
CARLTON MORTGAGE SERVICES, INC.
600 NORTH COURT, SUITE 110
PALATINE, IL 60067

EXHIBIT B

# MORTGAGE

FHA CASE NO.
131-9800543

THIS MORTGAGE ("Security Instrument") is given on [illegible] The mortgagor is RONALD ANDERSON [illegible] N ANDERSON [illegible] ("Borrower"). This Security Instrument is given to CARLTON MORTGAGE SERVICES, INC., which is organized and existing under the laws of Illinois, and whose address is 600 NORTH COURT STE 110, PALATINE, IL 60067 ("Lender"). Borrower owes Lender the principal sum of One Hundred Twenty Eight Thousand [illegible], Three and [illegible]/100 Dollars (U.S. $128,043 [illegible]). [illegible] dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on [illegible] 1, 2029. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in COOK County, Illinois:

LEGAL DESCRIPTION ATTACHED PIN-28-25-321-031

1st AMERICAN TITLE order # [illegible]

which has the address of 17300 LONGFELLOW, HAZEL CREST, IL [illegible] ("Property Address");



99403525

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts [illegible] held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs [illegible]
FIRST, to the mortgage insurance premium [illegible] by Lender [illegible] Secretary instead of the monthly mortgage insurance premium;
SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;
THIRD, to interest due under the Note;
FOURTH, to amortization of the principal of the Note; and
FIFTH, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies [illegible] requires insurance. This insurance shall be maintained in the amounts [illegible] also insure all improvements on the Property, whether now in existence [illegible] extent required by the Secretary. All insurance shall be carried with companies approved [illegible] and any renewals shall be held by Lender and shall include loss payable clauses in favor of [illegible] Lender.

[illegible]

99493525

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made
promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss
directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied
by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to
any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration
or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date
of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance
proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be
paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the
indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.**
Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution
of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the
Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that
requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's
control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage
or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may
inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to
protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan
application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with
any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations
concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold,
Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee
title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any
condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned
and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this
Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security
Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal.
Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which
are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay
all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or
municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time
directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon
Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other
covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect
Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then
Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property,
including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured
by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the
option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees
in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith
the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent
the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the
lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain
priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien
or take one or more of the actions set forth above within 10 days of the giving of notice.

99393525

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within [illegible] from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to [illegible] from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

99493525

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the lien of this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.



LEGAL DESCRIPTION:

00493525

THAT PART OF LOT 396 IN ELMORE'S POTTAWATOMIE HILLS, A SUBDIVISION OF THE SOUTH 60 ACRES OF THE WEST 1/2 OF THE SOUTHWEST 1/4 AND ALSO THE EAST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 25, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE WESTERLY CORNER OF SAID LOT 396; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, 90 FEET; THENCE NORTHEASTERLY 170.67 FEET TO A POINT IN THE SOUTH LINE OF 173RD STREET, 6.99 FEET EAST OF POINT OF COMPOUND CURVE; THENCE IN A WESTERLY DIRECTION ALONG CURVE: **THENCE ALONG CURVE HAVING RADIUS OF 104.31 FEET AND CONVEXED TO THE NORTHWEST AND HAVING CHORD DIMENSION OF 73.03 FEET, TO THE POINT OF TANGENCY; THENCE SOUTHWESTERLY 86 FEET TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

**HAVING A RADIUS OF 25 FEET, 6.99 FEET TO POINT OF COMPOUND CURVE

99493525

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of the Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[ ] Condominium Rider    [ ] Graduated Payment Rider    [ ] Growing Equity Rider
[ ] Planned Unit Development Rider    [ ] Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 6 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

RONALD ANDERSON (Seal) Borrower

GWENDOLYN ANDERSON IS EXECUTING THIS DOCUMENT FOR THE SOLE PURPOSE OF WAIVING HER HOMESTEAD RIGHTS (Seal) Borrower

(Seal) Borrower

(Seal) Borrower

(Seal) Borrower

Witness:    Witness

(Seal) Borrower

STATE OF ILLINOIS, COOK County ss:

I, THE UNDERSIGNED, a Notary Public in and for said county and state, do hereby certify that RONALD ANDERSON MARRIED TO GWENDOLYN ANDERSON, personally known to me to be the same person(s) whose name(s) is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he signed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this 19 day of MAY, 1999.

My Commission expires: 01/15/01

Notary Public

This instrument was prepared by:

(Name)

(Address)

OFFICIAL SEAL
MARTHA RODRIGUEZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/15/01



99493526
1999-05-21 10:42:12
Cook County Recorder
99493526

Prepared By:
Victoria Anne McKinnon
Carlton Mortgage Services, Inc
600 North Court, Suite 110
Palatine, IL 60067

Record and Return To:
Carlton Mortgage Services, Inc
600 North Court, Suite 110
Palatine, IL 60067

EXHIBIT C

Space Above This Line For Recorder's Use

# Corporation Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Mellon Mortgage Company all the rights, title, and interest of undersigned in and to that certain Real Estate Mortgage dated May 19, 1999, executed by RONALD ANDERSON MARRIED TO GWENDOLYN ANDERSON to Carlton Mortgage Services, Inc. a Corporation organized under the laws of IL and whose principal place of business is 600 North Court, Suite 110 Palatine, IL 60067 and recorded in Liber 99493525 page(s) COOK County Records, State of Illinois described hereinafter as follows:

SEE LEGAL DESCRIPTION ATTACHED PIN:28-25-321-031

PIN # 28-25-321-031

1st AMERICAN TITLE order # CH834138 MD

3/3

99493526

EXHIBIT C

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Real Estate Mortgage.

STATE OF IL
COUNTY OF COOK

By: Carlton Mortgage Services, Inc.

CAROL GARDNER
Its: PRESIDENT

By:

AL WOOD
Its: SR VICE PRESIDENT

Witness:

I the undersigned, a Notary Public in and for the County and State aforesaid, DO HEREBY CERTIFY THAT CAROL GARDNER, PRESIDENT AND AL WOOD, SR VICE PRESIDENT personally known to me to be the duly authorized agent of the ASSIGNOR, and personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that as such duly authorized agent, he/she signed and delivered the same instrument as a duly authorized agent of ASSIGNOR, as a free and voluntary act, and as a free and voluntary act and assignment of said ASSIGNOR, for the uses and purposes therein set forth.

Given under my hand and official seal, this day of 5-15-99

Notary Public
Cook County
My Commission expires
4-8-02

OFFICIAL SEAL
SUSAN M POLINSKI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES [illegible]

(THIS AREA FOR OFFICIAL NOTARIAL SEAL)

PREPARED BY:
VICTORIA ANNE MCKINNON
Carlton Mortgage Services, Inc.
600 North Court, Suite 310
Palatine, IL 60067

AND WHEN RECORDED MAIL TO:

CARLTON MORTGAGE SERVICES, INC
600 NORTH COURT SUITE 310
PALATINE, IL 60067

LEGAL DESCRIPTION:

99493526

THAT PART OF LOT 396 IN ELMORE'S POTTAWATOMIE HILLS, A SUBDIVISION OF THE SOUTH 60 ACRES OF THE WEST 1/2 OF THE SOUTHWEST 1/4 AND ALSO THE EAST 1/2 OF THE SOUTHWEST 1/4 OF SECTION 25, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE WESTERLY CORNER OF SAID LOT 396; THENCE SOUTHEASTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT, 90 FEET; THENCE NORTHEASTERLY 170.67 FEET TO A POINT IN THE SOUTH LINE OF 173RD STREET, 6.99 FEET EAST OF POINT OF COMPOUND CURVE; THENCE IN A WESTERLY DIRECTION ALONG CURVE; [illegible] CURVE HAVING RADIUS OF 104.31 FEET AND CONVEXED TO THE [illegible] HAVING CHORD DIMENSION OF 73.03 FEET, TO THE POINT OF TANGENCY [illegible] SOUTHWESTERLY 86 FEET TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

**HAVING A RADIUS OF 25 FEET, 6.99 FEET TO POINT OF COMPOUND CURVE

EXHIBIT C

JS 44
(Rev. 07/89)

CAT

# CIVIL COVER SHEET

File # 42930

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Chase Mortgage West f/k/a
Mellon Mortgage Company

vs
Ronald Anderson, et. al

## DEFENDANTS

Ronald Anderson and
Gwendolyn Anderson, et. al

JUDGE GOTTSCHALL
MAGISTRATE JUDGE BOBRICK

DOCKETED
JUN 16 2000

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Franklin
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Fisher & Fisher, Attorneys At Law, PC
120 North LaSalle, Ste. 2520
Chicago, IL 60602
312-372-4784

ATTORNEYS (IF KNOWN)

00C 3634

FILED-ED5
00 JUN 16 AM 10:28
CLERK
U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

MORTGAGE FORECLOSURE - 28 U.S. 1332

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ $127,659.05

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. REMARKS

In response to General Rule 2.21D(2) this case
☐ is not a refiling of a previously dismissed action
☐ is a refiling of case number ______ of Judge ______

DATE 6/15/00

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT

1-2

File # 42930

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

JUDGE GOTTSCHALL

MAGISTRATE JUDGE BOBRICK

In the Matter of

Chase Mortgage Company
f/k/a Mellon Mortgage Company
vs
Ronald Anderson and Gwendolyn Anderson, et. al

Case Number: 00C 3634

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Chase Mortgage Company f/k/a Mellon Mortgage Company

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Erik E. Blumberg | NAME: Marc D. Engel |
| FIRM: Fisher and Fisher | FIRM: Fisher and Fisher |
| STREET ADDRESS: 120 N. LaSalle St., Ste.2520 | STREET ADDRESS: 120 N. LaSalle St., Ste. 2520 |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: Chicago, IL 60602 |
| TELEPHONE NUMBER: 312-372-4784 | TELEPHONE NUMBER: 312-372-4784 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6226628 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6255891 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Julie E. Fox | NAME: Elizabeth T. Sewruk |
| FIRM: Fisher and Fisher | FIRM: Fisher and Fisher |
| STREET ADDRESS: 120 N. LaSalle St., Ste. 2520 | STREET ADDRESS: 120 N. LaSalle St., Ste. 2520 |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: Chicago, IL 60602 |
| TELEPHONE NUMBER: 312-372-4784 | TELEPHONE NUMBER: 312-372-4784 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6229266 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 06201866 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

1-3

File # 42930

DOCKETED
JUN 16 2000

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

JUDGE GOTTSCHALL

FILED-ED5
00 JUN 16 AM 10: 29
CLERK
U.S. DISTRICT COURT

In the Matter of
Chase Mortgage Company f/k/a
Mellon Mortgage Company
vs
Ronald Anderson and Gwendolyn Anderson, et al

Case Number: 00C 3634

MAGISTRATE JUDGE BOBRICK

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
Chase Mortgage Company f/k/a Mellon Mortgage Company

| (A) | (B) |
|---|---|
| SIGNATURE [signature] | SIGNATURE [signature] |
| NAME Elizabeth Kaplan Meyers | NAME Renee F. Meltzer |
| FIRM Fisher and Fisher | FIRM Fisher and Fisher |
| STREET ADDRESS 120 N. LaSalle St., Ste 2520 | STREET ADDRESS 120 N. LaSalle St., Ste 2520 |
| CITY/STATE/ZIP Chicago, IL 60602 | CITY/STATE/ZIP Chicago, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 | TELEPHONE NUMBER 312-372-4784 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06196562 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06198331 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE [signature] | SIGNATURE Susan R. Rosen |
| NAME Michael S. Fisher | NAME Susan R. Rosen |
| FIRM Fisher and Fisher | FIRM Fisher and Fisher |
| STREET ADDRESS 120 N. LaSalle St., Ste. 2520 | STREET ADDRESS 120 N. LaSalle St., Ste 2520 |
| CITY/STATE/ZIP Chicago, IL 60602 | CITY/STATE/ZIP Chicago, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 | TELEPHONE NUMBER 312-372-4784 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06216064 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6200585 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

1-4